JEFFERSON v. BRIX.

VENDOR AND PURCHASER—ACCEPTANCE OF OPTION—SPECIFIC PERFORMANCE.

Where an option to purchase land provided that acceptance should be in writing and payment made of the sum "stated below," but no such sum was stated below, the purchaser, by accepting in writing within the stated time, complied with the terms of the option, and is entitled to specific performance; he not being required, at that time, to make the payment provided for when the contract was consummated.

Appeal from Lenawee; Sampson (Jacob N.), J. Submitted October 3, 1928. (Docket No. 13, Calendar No. 33,799.) Decided December 4, 1928.

Bill by Joseph R. Jefferson against William Brix and another for specific performance of an optional land contract. From a decree dismissing the bill, plaintiff appeals. Reversed, and decree entered for plaintiff.

*Younglove & Chockley* and *Baldwin & Alexander,* for plaintiff.

*Clark & Bean,* for defendants.

McDONALD, J. The purpose of this suit is to compel the specific performance of an agreement or option made on the 24th day of January, 1927, for the sale of certain land in the county of Lenawee, Michigan. The option provided that, upon the payment by the plaintiff of $200, the receipt of which was acknowledged, the defendants would sell an "unincumbered marketable title" to the land in question. The consideration was to be $12,000 if the land contained 220 acres. The defendants were to cause a survey to be made and the price was to be fixed according to the acreage. The option was to be exercised in writing not later than March 1, 1927, and within 10 days after the delivery of an abstract showing merchantable title, the sale was to be consummated by the payment of 24 per cent. of the purchase price and the execution of a land contract providing for the payment of the balance in 8 equal annual payments. The option agreement also provided that, if an examination of the abstract disclosed any defects in the title, a title insurance was to be secured from the Union Title & Guaranty

Company of Detroit and, if it became necessary to secure such guaranty, the sale was to be consummated within three days after its delivery or tender to the plaintiff.

An abstract was furnished which showed a defective title. On the 1st of March, 1927, that being the time specified for acceptance of the option, the parties met. The plaintiff gave defendants a written acceptance and claims that he showed them a check for 24 per cent. of the purchase price which he was ready and willing to pay when the title was corrected and the survey made as agreed in the contract. At that time the defendants had not corrected the title or furnished a guaranty or caused a survey to be made. They insisted that they were under no obligation to do so until the plaintiff accepted the option, which they claim must be done in writing, accompanied by the payment of 24 per cent. of the purchase price. The plaintiff claims that the contract did not provide for the 24 per cent. payment until the sale was consummated. Because of this disagreement nothing was accomplished at the meeting on March 1st, 1927. Subsequently, the plaintiff left a check for 24 per cent. of the purchase price with a bank, payable to the defendants; notified them by registered mail of his action and asked them to send the corrected abstract and survey to the bank. They did not do so. Thereupon he brought this suit.

On the hearing, the circuit judge held that the agreement required the acceptance to be made in writing, accompanied by the payment of 24 per cent. of the purchase price; that no such payment had been made or tendered, and that therefore there was no acceptance, and plaintiff was not entitled to specific performance. From a decree entered dismissing the bill, the plaintiff has appealed.

The issue involves an interpretation of the agreement as to the manner of exercising the option. There is no claim that it is ambiguous. No oral testimony was offered to explain it. The clause in question reads as follows:

"This option may be exercised by the purchaser only by accepting the same in writing within the time above stated and at the time of such acceptance paying the sum of (stated below) on account of the purchase price, in cash or by certified check."

In making the agreement, the parties used a printed form in which there was a blank space left for the insertion of the amount to be paid with the written acceptance. In this space they wrote in the words "stated below." No further mention is made as to the payment of any amount at the time of giving the written acceptance. Nothing on that subject is "stated below." The only reference to any amount "stated below" is that 24 per cent. of the purchase price should be paid when the sale is consummated, and that it shall be consummated by such payment and the execution of a contract within 10 days after the delivery of an abstract showing a merchantable title. To hold that 24 per cent. of the purchase price was to be paid at the time of exercising the option is to read into the contract something which is not there.

It is conceded that the plaintiff gave the defendants his acceptance in writing at the time specified in the agreement. It was then the duty of the defendants to furnish an abstract showing a merchantable title or to deliver a guaranty from the Union Title & Guaranty Company of Detroit and to cause the land to be surveyed. They have never met any of these requirements. On his part, in exercising the option, the plaintiff did all that was required of

him when he delivered his written acceptance. Therefore he is entitled to a decree for specific performance.

Such decree will be entered in this court, with costs to the plaintiff.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.